## Kitty Kelly Market Street Philadelphia Corp. v. Barsky

*Allen J. Levin,* for plaintiff.
*Berger & Gelman,* for defendant.

BOYLE, J., October 27, 1958.—This is an appeal from an order opening a judgment which had been entered in an amicable action and confession of judgment pursuant to the provisions of a written lease.

Plaintiff by a lease dated May 14, 1946, leased to defendant a portion of the ground floor and basement of premises 907 Market Street, Philadelphia, for a period of 15 years at a monthly rental of $1,666.67. Attached to the lease and made part thereof was an agreement which provided, inter alia, that the lessee was to deposit $7,500 with the lessor to insure faithful performance of the lessee's obligations under the lease; in the event that the lessee fully performed his obligations he was to receive $2,500 of the sum held as security on November 30, 1956, and the balance at the termination of the lease. Sometime during the month of December 1956, defendant vacated the premises.

On January 30, 1957, plaintiff caused judgment to be entered by confession for rent due for the month of

January 1957, in Court of Common Pleas No. 1, December term, 1956, no. 6313. Defendant filed a rule to open the judgment which was made absolute and the judgment opened on April 29, 1958, by Chudoff, J.

On May 21, 1958, plaintiff caused judgment to be entered by confession in the Municipal Court and filed an averment of default and an assessment of damages setting forth that the rent due from February 1, 1957, to May 31, 1958, amounted to $26,666.68, less credit of $2,500 security deposit and less net rents collected from new tenant in the sum of $19,550.01. The total credits are $22,050.01. The net sum alleged to be due is $4,616.67 to which is added attorney's fee at five percent in the sum of $230.83, the total sum being $4,847.50.

On June 26, 1958, defendant filed a petition and rule to show cause why the judgment should not be stricken off, or opened and defendant let into a defense.

The petition avers, inter alia, that the lease was surrendered and terminated by agreement on December 14, 1956, that on February 14, 1957, plaintiff entered into a lease with Loft Candy Corporation for a term of years considerably in excess of the balance of the term of the lease with defendant, with terms and conditions wholly inconsistent with a reletting of the premises for the benefit of defendant and constituting a surrender of the lease with defendant by operation of law, that plaintiff breached the provisions of the lease by failing to return $2,500 of the security deposit on November 30, 1956, that the credits allowed defendant in the assessment of damages are wholly inadequate and improper, that certain alterations were done by the Loft Candy Company for the benefit of the lessor which exceed in value the unpaid rent for the balance of plaintiff's lease with defendant.

Plaintiff filed an answer denying that the lessor had exercised an option to accept surrender of the lease by

the lessee, averring that the lease entered into with the Loft Candy Company was entered into in relief of and mitigation of the liability of defendant to plaintiff for rent due during the balance of the term of the lease and that defendant had received all the credits to which he is entitled by law.

The issues presented by the petition and answer are exactly the same issues which were before Judge Chudoff, except that in the prior judgment defendant was not credited with the sum of $2,500 of the security deposit. The parties took and filed depositions in the prior proceeding and it was stipulated that the depositions were to be made part of the record in this proceeding.

Judge Chudoff filed no opinion and gave no reasons for opening the judgment. Plaintiff argues that since the judgment entered in the court of common pleas was in the sum of $1,750 and defendant was entitled to the return of the sum of $2,500, said sum must be applied to that judgment and hence that judgment was opened for that reason and for that reason only.

We cannot speculate as to the reasons which prompted Judge Chudoff to open judgment. But if plaintiff is correct that the sum of $2,500 must be appropriated to cover defendant's liability for the month of January, then the credit of the same sum given by plaintiff for the period commencing in February has no basis and the assessment of damages should have been in the principal sum of $7,116 an amount in excess of the jurisdiction of the Municipal Court.

Furthermore, in answer to defendant's position that retention of the sum of $2,500 after November 30, 1956, constituted a breach of the lease by plaintiff, plaintiff argues that defendant waived his right to assert the breach by paying rent for the month of December 1956. If defendant in fact waived his right

to receive the sum of $2,500, then plaintiff is entitled to hold the entire sum of $7,500 until the termination of the lease. He cannot reduce his claim by arbitrarily giving defendant a credit, to bring the matter within the jurisdiction of the Municipal Court, in order to escape from the jurisdiction of the court of common pleas which had already judicially declared that there are issues which must be resolved by a trial.

We believe that the judgment in the Municipal Court should be opened so that this case can be transferred and consolidated with the one pending in the court of common pleas pursuant to Pa. R. C. P. 213(d). There can be no question of the jurisdiction of the court of common pleas and we believe that a trial is necessary to determine: (a) Whether the lease was breached by plaintiff-lessor; (b) whether there was a completed and executed surrender of the lease by defendant-lessee and an acceptance of the surrender and termination of the lease by plaintiff-lessor*; (c) whether defendant received fully all the credits to which he is entitled by virtue of the lease made by plaintiff with the Loft Candy Company.

### Final Order

September 17, 1958. Rule to open judgment is made absolute.

---

* Plaintiff cites The Landlord and Tenant Act of April 6, 1951, P. L. 69, 68 PS §250.203, which provides that no lease created for a term of more than three years can be surrendered except in writing. But this provision applies only to executory transactions. It does not apply to one which is fully executed by both parties. Moreover, this provision expressly excepts the situation where a surrender results from operation of law. We think that this case presents a serious question as to whether there was a surrender by operation of law.